Slip Op. 14-74

UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| INTERNATIONAL CUSTOM PRODUCTS, INC., | : : : : | |
| Plaintiff, | : : | Before: Gregory W. Carman, Judge |
| v. | : : : | Court No. 08-00189 |
| UNITED STATES, | : : | |
| Defendant. | : : | |

# OPINION & ORDER

[Plaintiff's motion to reconsider, alter, or amend judgment and/or amend complaint is denied.]

Gregory H. Teufel and Jeremy L. S. Samek, Eckert Seamans Cherin & Mellott, LLC of Pittsburgh, PA for Plaintiff.

Edward F. Kenny and Jason M. Kenner, Trial Attorneys, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, of New York, NY, for Defendant. With them on the briefs were Stuart F. Delery, Assistant Attorney General, and Amy S. Rubin, Acting Assistant Director. Of counsel is Yelena Slepak, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs and Border Protection.

June 26, 2014

**CARMAN, JUDGE:** Before the Court is Plaintiff International Customs Products' ("Plaintiff" or "ICP") Motion to Reconsider, Alter, or Amend Judgment and/or To Amend Complaint ("Pl.'s Mot.") (ECF No. 67). Plaintiff moves pursuant to USCIT Rule 59(a)(1)(B) for reconsideration of this Court's Opinion and Order entered on September 4, 2013 in this matter ("Slip Op 13-120") (ECF No. 66) granting Defendant's Motion to Dismiss Plaintiff's Complaint ("Mot. to Dismiss") (ECF No. 17). See Int'l Customs Prods., Inc. v. United States, 37 CIT ___,

931 F. Supp. 2d 1338 (2013). In the alternative, pursuant to USCIT Rule 15(a)(2), Plaintiff moves to amend its Complaint. For the reasons set forth below, the Court denies Plaintiff's motion.

## BACKGROUND

This action and a flurry of related cases have created a long and winding history, with which the reader is presumed to be familiar. A timeline is provided in the underlying decision. See Slip Op 13-120 at 3. Only the essential highlights will be reiterated here. ICP seeks relief from an action taken by U.S. Customs and Border Protection ("Customs" or "Defendant") reclassifying and liquidating 13 entries of Plaintiff's imported product known as "white sauce." Compl. ¶ 1. In 1999, ICP obtained a ruling letter from Customs, NYRL D86228, classifying white sauce under HTSUS 2103.90.90 as "sauces and preparations therefor . . . other . . . other . . . other . . . other," with a duty rate of 6.4% *ad valorem*. Id. ¶ 12. In April 2005, Customs issued a "Notice of Action" that 99 entries of white sauce were being reclassified and liquidated under HTSUS 0405.20.3000 as "dairy spread," at the rate of $1.996 per kilogram, plus applicable safeguard duties. Id. ¶¶ 13-16, 14. This reclassification had the effect of increasing the duties owed on Plaintiff's entries of white sauce by approximately 2400%. Id. ¶ 14. Plaintiff asserts that in issuing the Notice of Action, Customs did not follow various statutory and regulatory requirements, and thereby infringed upon several of Plaintiff's rights. See generally Compl. This case is the sixth lawsuit brought by Plaintiff with respect to the classification and liquidation of its 99 entries of white sauce. Id. ¶ 6.

In Slip Op 13-120, on motion of the Defendant, the Court dismissed Count I through Count VIII pursuant to USCIT Rule 12(b)(1) for lack of subject matter jurisdiction, and Count

IX pursuant to USCIT Rule 12(b)(5) for failure to state a claim upon which relief can be granted. Slip Op. 13-120 at 16. Plaintiff moves for reconsideration.

### DISCUSSION

I.   **Motion to Reconsider, Alter or Amend Judgment**

Plaintiff moves the Court to reconsider, alter or amend its prior decision pursuant to USCIT Rule 59(a)(1)(B), which is the ordinary mechanism for requests for reconsideration in the Court of International Trade. See United States v. UPS Customhouse Brokerage, Inc., 34 CIT ___, ___, 714 F. Supp. 2d 1296, 1300 (2010). Under its rules, the Court may rehear a decision "for any reason for which a new trial has heretofore been granted in a suit in equity in federal court." USCIT R. 59(a)(1)(B). The grant of a motion for reconsideration is within the sound discretion of the Court. 714 F. Supp. 2d at 1300 (citing Yuba Nat. Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). Rehearing is granted only in "limited instances," including: "1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case." Totes-Isotoner Corp. v. United States, 32 CIT 1172, 1173, 580 F. Supp. 2d 1371, 1374 (2007) (internal quotations and citations omitted)). The purpose of a Rule 59 motion is not to reargue the case, but to correct any "significant flaw" in the prior decision. Peerless Clothing Int'l, Inc. v. United States, 33 CIT 1117, ___, 637 F. Supp. 1253, 1256 (2009).

Plaintiff requests reconsideration of the Court's holding in Slip Op 13-120 that the "harshness and unfairness at issue does not rise to the level of unconstitutionality," and argues that the "statutory scheme at issue violates importers' rights under the Due Process Clause of the

Fifth Amendment to the Constitution." Pl.'s Mot. at 2.  Defendant counters that Plaintiff's claim "amounts to an assertion of an alleged financial impediment to the exercise of a statutory right, rather than the articulation of a constitutional defect." Def.'s Opp'n at 3.  While bankruptcy is more a type of financial ruin than a mere impediment, the Court agrees that Plaintiff's constitutional argument was already fully briefed, see Pl.'s Opp. to Def.'s Mot. to Dismiss 31-41 (ECF No. 32), and addressed and rejected by the Court, see Slip Op 13-120 at 13-16.  As declared in the underlying decision, "the Court cannot say that 28 U.S.C. § 2637(a) denies Plaintiff the fundamental process of fairness required by the Fifth Amendment."  Slip Op 13-120 at 15-16 (internal quotation and citation omitted).  Without "legislative grace, the state of the law remains so today."  Id. at 15.

Plaintiff has not presented an error or illegality, a serious evidentiary flaw, new evidence, or a claim of an accident, unpredictable surprise or unavoidable mistake that impaired its ability to adequately present its case.  Plaintiff appears to instead reiterate arguments already made in its brief opposing the motion to dismiss and fully considered at that time by the Court.  Revisiting claims that have already been decided against Plaintiff, without invoking one of the four grounds discussed infra, is an attempt to re-litigate the case.  This is not permitted in a motion for reconsideration.

It bears repeating that the Supreme Court long ago established that requiring prepayment of duties as a condition for access to the courts does not violate the Constitution.  Cheatham v. United States, 92 U.S. 85, 88-89 (1875).  The specific statute requiring prepayment of duties in this case, 28 U.S.C. § 2637(a), and its predecessors have long been accepted as a condition attached to the government's waiver of sovereign immunity:

> [T]he requirement to pay all outstanding duties prior to commencing litigation on an import transaction has been a fixture of the customs laws since the Act of February 26, 1845. See PATRICK REED, The Role of Federal Courts in U.S. Customs & International Trade Law 59 (1997). Prior to the implementation of that statute, the same principle of prepayment as the basis for suit against a collector of customs duties was a fixture of common law since at least 1774. Id. at 53.

Slip Op 13-120 at 11.

The apparent absurdity of Plaintiff's situation also bears repeating, however. The Court of Appeals for the Federal Circuit ("Court of Appeals") recently issued a decision conclusively affirming that the sole basis for the astronomical assessment against Plaintiff—the Notice of Action announcing the rate advance contrary to the Ruling Letter—was void for failure to comply with 19 U.S.C. §1625(c)'s notice and comment procedures. *International Customs Products, Inc. v. United States*, 748 F.3d 1182 (Fed. Cir. 2014) (stating that "the CIT properly held the Notice of Action is void" and affirming "the CIT's decision ordering reliquidation of the Entry pursuant to the Ruling Letter"). Plaintiff obtained that decision, and the judgment it upheld, by prepaying duties on a single entry of white sauce and bringing suit under the jurisdiction granted by 28 U.S.C. § 1581(a). The rationale undergirding the Court of International Trade's judgment and the Court of Appeals' recent opinion plainly applies to each contested entries of white sauce, but Plaintiff is unable to obtain relief because it cannot prepay the *very duties that the courts have declared invalid*. That is because the Notice of Action resulted in an assessment of approximately $28 million, an amount Plaintiff was unable to pay.

This predicament, stemming in part from the constitutionality of the prepayment statute, also has roots in the jurisdictional holding of the Court of Appeals in a related case. In 2005, Plaintiff challenged the Notice of Action on grounds identical to those ultimately vindicated in

the Court of Appeals: that the Notice of Action was void because it violated 19 U.S.C. § 1625(c)'s notice and comment requirement, and the entries should therefore be reliquidated in conformance with Customs' ruling letter. See Int'l Custom Prods., Inc. v. United States, Court No. 05-00341, Compl., ECF No. 4. The Court of International Trade ruled that Plaintiff's claim was not a challenge to white sauce classification, cognizable under the Court's jurisdiction via 28 U.S.C. § 1581(a), but a challenge to illegal agency revocation of a binding ruling letter, cognizable under the Court's jurisdiction via U.S.C. § 1581(i). Int'l Custom Prods., Inc. v. United States, 29 CIT 617, 626, 374 F. Supp. 2d 1311, 1320 (2005) (noting that Plaintiff was "not disputing Customs' classification of its white sauce as enunciated in the Notice of Action" but objected 'to the Notice of Action itself and Customs' authority to issue it."). Without discussing the nature of Plaintiff's claim of ultra vires agency action, and with no analysis of the true nature of the claim, the Court of Appeals reversed on jurisdictional grounds. See Int'l Custom Prods., Inc. v. United States, 467 F.3d 1324, 1326-28 (Fed. Cir. 2006). It seems that the Court of Appeals assumed that the claim centered on the classification of white sauce rather than the ultra vires nature of the agency's action. See id. For this reason, Plaintiff has been forced to seek relief via 28 U.S.C. § 1581(a) and comply with its prepayment requirement.

Ultimately, the result here might lead a reasonable mind to question the wisdom of requiring prepayment of all assessments regardless of their size. That is a matter for the democratic process and the legislature. Given that the Supreme Court has spoken on the Constitutionality of the prepayment requirement in Customs disputes, this Court must deny Plaintiff's motion for reconsideration of its ruling on the Constitutional claims.

## II. Motion to Amend

As an alternative to reconsideration, Plaintiff requests to amend its complaint pursuant to USCIT Rule 15(a)(2). "A party may amend its pleading only with the opposing party's written consent or the court's leave," though "the court should freely give leave when justice so requires." USCIT R. 15(a)(2). Despite that liberal standard, the Court will deny requests to amend a complaint when an amendment would be futile, cause undue delay, has a dilatory motive, is made in bad faith, or would unduly prejudice the opponent. Foman v. Davis, 371 U.S. 178, 182 (1962). Based on the discussion above, the Court determines that granting leave to amend the complaint here would be futile and unduly delay resolution of this case.

### CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's motion to reconsider, alter or amend judgment, and/or amend the complaint, is denied.

/s/Gregory W. Carman
Gregory W. Carman, Judge

Dated: June 26, 2014
       New York, NY